| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ x<br>UNITED STATES OF AMERICA,<br>　　　　　　-against-<br>PIERRE SALIBA,<br>　　　　　　　　　　Defendant.<br>------------------------------------------------------------ x | **MEMORANDUM AND ORDER**<br><br>08-CR-792 (DLI)(RLM) |

**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the charge, background, and procedural history of this case is presumed. *See generally United States v. Saliba*, 2010 WL 680986 (E.D.N.Y. Feb. 24, 2010) (denying motion to dismiss indictment). The government moves *in limine* for the following: (1) to be permitted to introduce evidence of defendant's abuse of the alleged victim's mother (the "mother"); (2) to be permitted to introduce certain statements made by the mother after the alleged kidnapping; (3) to preclude certain defenses as legally insufficient; and (4) to preclude cross-examination of its witnesses as to certain allegedly false exculpatory statements made by defendant.[1]

Defendant opposes these motions, and in his response, requests that the government be precluded from referring to either the child or the mother as "victims." He also requests that the government be precluded from introducing evidence of threats by his family against the mother. (Def. Resp. 1, 4.) Defendant's requests are mooted by the government's proffers that it intends to do neither at trial. (*See* Gov't Reply 1 n.1, 4 n.3.) The government may refer to the child as "the child" or by her name, and may refer to the mother as "the mother" or by her name, although

---

[1] (Gov't Mot. 1.) The government made an additional motion *in limine* on March 25, 2010 to preclude certain cross-examination of three of its witnesses. (*See* Docket Entry No. 70.) As defendant has not had an opportunity to respond as of the date of this Order, this motion is not addressed herein.

there is no reason to preclude the government from arguing to the jury that mother and child are victims under the statute. Evidence of threats by defendant's family against the mother is precluded as irrelevant in the government's case in chief. *See* FED. R. EVID. 402. However, as discussed in Part A, *infra*, the court may reconsider this ruling should defendant open the door to its admission during the course of the trial. For the reasons set forth below, the government's motion is granted in part, deferred in part, and denied in part.

## DISCUSSION

**A.    Evidence of Abuse by Defendant**

The government anticipates that defendant, presumably to defeat the intent element of the crime charged in the indictment,[2] will argue that the mother consented to his taking the child to Lebanon and led him to believe that she would join them there. To rebut this anticipated defense, the government seeks to introduce "evidence that the marriage was an unhappy one." (Gov't Reply 2.) Specifically, it proposes to introduce evidence that defendant "verbally abused the []mother and once threw an ashtray at her," in the period leading up to the alleged kidnapping. (Gov't Mot. 1; *see id.* at 4–5.) Defendant counters that such evidence would be irrelevant and overly prejudicial, in violation of Federal Rules of Evidence 401, 402, and 403. (Def. Resp. 3–4.) He also argues that it is impermissible "bad character" evidence under Rule 404(b). (*Id.* at 4.)

"The Second Circuit has adopted 'an inclusionary approach' to Rule 404(b) evidence, precluding admission only when evidence of other bad acts is offered to demonstrate the defendant's criminal propensity." *United States v. Lekhtman*, 2010 WL 317871, at *2 (E.D.N.Y. Jan. 21, 2010) (citing *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)). "[E]vidence of other acts is correctly admitted if: '(1) it [is] offered for a proper purpose; (2) it [is] relevant to a

---

[2] *See* 18 U.S.C. § 1204(a) ("with intent to obstruct the lawful exercise of parental rights").

2

disputed trial issue; (3) its probative value is [not] substantially outweighed by its possible [unfair] prejudice; and (4) the trial court administer[s] a proper limiting instruction.'" *Id.* (quoting *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003)).

Regarding the first prong of the analysis, evidence of other wrongs or acts may be admitted "as proof of . . . intent, preparation, [or] plan." FED. R. EVID. 404(b). Here, such evidence would be offered to rebut defendant's argument that he did not intend to deprive the mother of her parental rights because she had consented to his taking of the child to Lebanon. Such a purpose is proper. *See* FED. R. EVID. 404(b). It is also clearly relevant, thus satisfying the second prong. *See United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.").

Regarding the third prong, if defendant does not argue that the mother consented to his taking the child to Lebanon, or that she led him to believe that she would join them there, the court agrees with him that the danger of unfair prejudice substantially outweighs the probative value of such evidence.[3] However, if defendant "opens the door" to this line of inquiry by putting the mother's alleged consent at issue—during his opening, cross-examinations, or defense—the balance will shift. *See United States v. Awadallah*, 436 F.3d 125, 132–33 (2d Cir. 2006) (affirming "narrowly crafted compromise" conducted pursuant to district court's "broad discretion" in balancing prejudice against probative value). Under these circumstances, the prejudice would be outweighed by the evidence's probative value in establishing whether the mother *actually* consented or intended to follow defendant to Lebanon—both of which could

---

[3] *See* FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

3

negate the intent element. *See* 18 U.S.C. § 1204(a). Accordingly, the court will allow the evidence in question under these circumstances, with a proper limiting instruction to satisfy the fourth 404(b) prong. *See Lekhtman*, 2010 WL 317871, at *2.

As a final note, in order to satisfy the general notice requirement of Rule 404(b), the government must: "identif[y] each crime, wrong or act by its specific nature (e.g., sale of cocaine), place (e.g., New York City), and approximate date (e.g., July 1986), to the extent known to the government." *United States v. Melendez*, 1992 WL 96327, at *1 (S.D.N.Y. Apr. 24, 1992). Given the imminence of trial, the government must do so no later than March 28, 2010. Obviously, the issue is moot if the defendant does not intend to raise the issue of the mother's consent; the proverbial ball is in defendant's court on this matter.

### B. Out-of-Court Statements by Mother

The government seeks to introduce several statements made by the mother following the alleged kidnapping via a combination of "her testimony, the testimony of witnesses who heard those statements, and the introduction of documents filed by the []mother soon after the [alleged] kidnapping." (Gov't Mot. 5.) Acknowledging that these statements were made out-of-court by an available witness, the government argues that they should nevertheless be admissible as evidence of her state of mind, as excited utterances, or—if the defense puts her consent at issue—as prior consistent statements. (*Id.* at 5–7). *See generally* FED. R. EVID. 803(3), 803(2), 801(d)(1)(B). Defendant counters that this motion is not ripe for decision, absent further details about the statements themselves and the context in which they were made. (Def. Resp. 7). The court agrees, and therefore defers ruling on this motion until the government actually seeks to introduce such evidence at trial.

**C. Legally Insufficient Defenses**

The government seeks to preclude a number of potential "defenses" on the ground that they are insufficient as a matter of law. These include evidence that: (1) the mother engaged in extramarital affairs; (2) the mother is an unfit parent; (3) the mother's relatives committed narcotics offenses; (4) the child is well-cared for in Lebanon; (5) the mother never visited the child in Lebanon; and (6) the mother intended to join defendant and the child in Lebanon. (Gov't Mot. 8–10.) The government correctly notes that none of these issues relate to the three affirmative defenses set forth in the statute.[4] Citing to Federal Rules of Evidence 401, 402 and 403, the government further argues that none of this evidence would be relevant to the charge at bar. (Gov't Mot. 9–10.) Defendant denies his intent to use any of the above as an affirmative defense, claiming instead that he "seek[s] to bring out certain factors in order to put in context the events leading to his departure to Lebanon." (Def. Resp. 5.) Doing so would be especially important, he contends, if the court allows evidence of his alleged abuse of the mother. (*Id.*)

All evidence relating to items 1–5 above is clearly irrelevant and thus inadmissible under the Rules of Evidence. *See* FED. R. EVID. 401, 402, 403; *see also United States v. Sardana*, 101 F. App'x 851, 855 (2d Cir. 2004) (affirming exclusion of evidence that victim-parent was "unfit" in 18 U.S.C. § 1204 prosecution); *United States v. Battaglia*, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (excluding as irrelevant evidence of family status). Regarding the sixth item, evidence that the mother intended to join defendant in Lebanon is not precluded, as such evidence could be relevant to an element of the charged crime. *See* 8 U.S.C. § 1204(a). However,

---

[4] *See* 18 U.S.C. § 1204(c) ("the defendant acted within the provisions of a valid court order . . . ; the defendant was fleeing an incident or pattern of domestic violence; the defendant . . . failed to return the child as a result of circumstances beyond the defendant's control . . . ."); *see also United States v. Amer*, 110 F.3d 873, 880–82 (2d Cir. 1997) (affirming decision that "the three affirmative defenses specifically set forth in section 1204(c) . . . are the only ones available to a defendant facing an IPKCA prosecution").

the ruling from Part A, *supra*, is also applicable here—if the defendant places the mother's intent to join him (or her consent to his taking the child) at issue, the court will allow the government to rebut those claims with evidence that she neither intended to join defendant in Lebanon nor consented to his taking the child there, including evidence of verbal or physical abuse that will otherwise be inadmissible. Allowing such a rebuttal will *not* cause the court to change its current ruling on items 1–5, as this evidence remains wholly irrelevant to the charge at bar regardless of the context. This ruling does not, of course, preclude the defendant from attempting to impeach the mother's credibility via other evidence.

### D. Cross-Examination of Government Witnesses

The government's final motion is to preclude the defendant from eliciting the defendant's "false exculpatory statements" via cross-examination of the government's witnesses. (Gov't Mot. 11.) Specifically, the government intends to offer the defendant's own statements against him pursuant to Rule of Evidence 801(d)(2), but wishes to prevent defendant from using the same Rule to introduce his own prior statements in rebuttal.

By its plain language, Rule 801(d)(2) permits the use of admissions *against* the party who made them. Thus, defendant clearly may not introduce his prior out-of-court statements pursuant to this Rule. The government correctly notes that self-serving, out-of-court statements offered by the declarant are inadmissible hearsay. *See United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999). However, because neither party has provided the statements they seek to introduce to the court, the court's ruling is deferred until the appropriate time.

## CONCLUSION

For the foregoing reasons, the government's motion is granted in part, deferred in part, and denied in part. As a final note, the proceeding at bar is a criminal trial, not a divorce or a child custody battle. The parties are advised to remember this as they prepare their cases.

SO ORDERED.

Dated: Brooklyn, New York
       March 26, 2010

                                                     _____/s/_____
                                                        DORA L. IRIZARRY
                                                United States District Judge